STUART, Justice
(dissenting).
I respectfully dissent. The only relief the petitioner requests in his petition for a writ of mandamus is for “this court to issue an order to the trial court judge causing him to grant the petitioner in for-ma pauperis status and allow the petitioner to appeal the circuit court’s adverse judgment upon the petitioner’s jurisdictional ground raised.” The majority opinion notes the following relevant facts:
“On August 21, 2000, Dozier filed a Rule-32 petition in the Calhoun Circuit Court, challenging his 1993 robbery conviction. Dozier sought leave to waive the docket fee required by § 12-19-70, Ala.Code 1975, and requested that he be allowed to proceed on his petition in forma pauperis. In support of his request, Dozier submitted a certificate executed by an authorized officer of the correctional facility in which he was incarcerated, which stated that Dozier had a zero balance in his prison account at the time he filed his Rule 32 petition.
“The circuit court issued an order denying Dozier’s request to be allowed to proceed informa pauperis.”
827 So.2d at 775 (footnotes omitted).
The opinion further notes that “[a]t the time Dozier filed his Rule 32 petition in the *777 Calhoun Circuit Court, the docket fee for filing a postconviction petition was $ 140” and that “the certificate accompanying Dozier’s request that he be allowed to proceed in forma pauperis indicated that he had a zero balance in his prison account when he filed his Rule 32 petition.” The majority opinion concludes that the trial court erred when it denied Dozier’s request to be allowed to proceed in forma pauperis and directs the circuit court to grant Dozier’s request to be allowed to proceed informa pauperis.
Rule 32.6(a), Ala. R.Crim. P., provides:
“(a) Form, Filing, and Service of Petition. A proceeding under this rule is commenced by filing a petition, verified by the petitioner or petitioner’s attorney, with the clerk of the court. A petition may be filed at any time after entry of judgment and sentence (subject to the provisions of Rule 32.2(c)). The petition should be filed by using or following the form accompanying this rule. If that form is not used or followed, the court shall return the petition to the petitioner to be amended to comply with the form. The petition shall be accompanied by two copies thereof. It shall also be accompanied by the filing fee prescribed by law or rule in civil cases in circuit court unless the petitioner applies for and is given leave to prosecute the petition in forma pauperis, in which event the fee shall be waived. If the petitioner desires to prosecute the petition in forma pauperis, he shall file the In Forma Pauperis Declaration at the end of the form. In all such cases, the petition shall also be accompanied by a certificate of the warden or other appropriate officer of the institution in which the petitioner is confined as to the amount of money or securities on deposit to the petitioner’s credit in any account in the institution, which certificate may be considered by the court in acting upon his application for leave to proceed in forma pauperis. Upon receipt of the petition and the filing fee, or an order granting leave to the petitioner to proceed in forma pauperis, the clerk shall file the petition and promptly send a copy to the district attorney (or, in the case of a petition filed in the municipal court, to the municipal prosecutor).”
Additionally, the Appendix to Rule 32, Ala. R.Crim. P., provides, in pertinent part:
“(6) Upon receipt of the appropriate fee, your petition will be filed if it is in proper order. If you do not know the amount of the fee, ask the librarian or other authorized officer of the corrections institution where you are confined to give you this information.
“(7) If you do not have the necessary fee, you may request permission to proceed in forma pauperis, in which event you must complete the declaration at the end of this form, setting forth information establishing your inability to pay the fees and costs or give security therefor. Your declaration must include financial information relating to the twelve (12) months preceding the filing of this petition.

“If you wish to proceed informa pau-peris, you must have an authorized officer at the corrections institution where you are confined complete the certificate at the end of your in forma pauperis declaration as to the amount of money and securities on deposit to your credit in any account in the institution.”

(Emphasis on first “must” original; other emphasis added.) According to the record before this Court, the petitioner’s informa pauperis declaration filed with circuit court in connection with his Rule 32 petition did not have attached his “Prisoner Monies On Account Statement” for the *778 preceding 12 months. That declaration does, however, contain negative responses to each question asking if the petitioner had received any monies during the preceding 12 months[4] and certified a zero balance on the date the form was executed by the prison-accounts clerk. The petitioner failed to comply with Rule 32, Ala. R.Crim. P.; therefore, the trial court properly denied his petition for in forma pau-peris status and the Alabama Court of Criminal Appeals properly denied his petition for a writ of mandamus. This Court should likewise deny the petitioner’s request for a writ of mandamus directing the trial court to grant his petition for leave to proceed informa pauperis.
It is interesting to note that in the in forma pauperis declaration the petitioner executed on May 9, 2001, and filed with this Court on May 15, 2001, the petitioner again responds negatively to such questions as “[h]ave you received within the past twelve months any money from any of the following sources? Business, profession, or other form of self-employment? Rent payments, interest, or dividends? Gifts or inheritances? Any other sources?” (emphasis added). Attached to this declaration, however, is the required “Prisoner Monies on Account Statement” for the preceding 12 months. The fee for filing a petition for a writ of mandamus in the Supreme Court of Alabama is $50. In the month preceding the filing of this petition, specifically during the period April 5-16, 2001, the petitioner spent $110.39 on canteen sales, which reduced the balance in his account to 13 cents. That same statement shows that in the two months before filing his Rule 32 petition in the circuit court the petitioner spent $100.15 on canteen sales and $3.00 on a medical copayment, reducing his account balance to zero immediately before the filing of that petition.
Trial judges across this state are entitled to, and should, demand that petitioners comply with the requirements for requesting leave to proceed in forma pauperis. They should carefully scrutinize the documentation submitted by inmates in light of the fact that all of their basic needs — food, shelter, clothing, hygienic necessities — are provided by the taxpayers of the State of Alabama. When the record supports the trial court’s denial of in forma pauperis status, an appellate court should uphold that ruling.
The trial court’s denial of in forma pau-peris status in this case was proper. The petition for the writ of mandamus should be denied. Therefore, I must dissent.

. These responses were not accurate, according to the materials before this Court in this mandamus proceeding, as hereinafter explained.